Miguel Abraham, as the Representative of his minor Son, Plaintiff and Appellant, *v.* Miguel Piereschi, Defendant and Appellee.

No. 4052. Argued November 29, 1926.—Decided December 9, 1926.

*Francisco Cervoni* for the appellant. *Benet & Souffront* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

In this case the appellant, as representative of his minor son, brought suit for damages in the District Court of Mayagüez, where the appellee resides, based on an automobile accident that occurred in the town of Aibonito within the judicial district of Guayama. He alleged that as a consequence thereof his son's left thigh bone was fractured, leaving him with his left leg shorter than the other, and also that his under lip was lacerated. Before the case was called for trial the plaintiff moved for a change of venue to the District Court of Guayama for the convenience of the witnesses. The District Court of Mayagüez overruled the motion and the plaintiff appealed to this court from that ruling, alleging that it was erroneous.

The power given to the court by section 83 of the Code of Civil Procedure to grant a change of venue when the convenience of witnesses and the ends of justice would be promoted thereby, are discretional and, therefore, in order to reverse an order granting or denying a change of venue on the above ground, we must be convinced that the court abused its discretional power. As grounds for his motion the plaintiff alleged in the court below that his witnesses were school children living in Aibonito, who saw the accident and

who would miss school for at least one day in a round-trip to Mayagüez, which would be avoided if the case should be tried in Guayama; that other witnesses, as the doctor, the assistant and the nurse who attended the wounded boy, live also in Aibonito, and they could not leave that town without neglecting their duties as municipal employees, being unable to name substitutes during their absence, and that the majority of the witnesses are poor and the plaintiff can not afford to defray the expenses of their transportation to Mayagüez. In opposing the change of venue the defendant alleged that in order to prove the allegations of the answer to the complaint it would be necessary for him to call as witnesses two medical experts residing in Mayagüez, one of them being also the school director of Mayagüez; that a fluoroscopy of the injured leg of the boy would have to be taken at the trial in order to ascertain the real nature of the injury suffered, which could not be done in Aibonito for lack of an X-ray equipment, which also was not to be found in Guayama; that his wife was a witness to the accident, but as they were divorced, she would not go to Guayama, the less so because she is the owner and manager of an embroidery shop in Mayagüez where another of the ocular witnesses of the accident, the chauffeur that drove the car that day, resides, and that the plaintiff is not so poor that he can not defray the expenses of the transportation of his witnesses to Mayagüez, for he is a merchant in Aibonito with more than $3,000 in stock, without including his credits, and he owns a house there worth $500.

In view of these verified pleadings of both parties we can not hold that there was a manifest abuse of discretion on the part of the trial judge in overruling the motion for a change of venue and his ruling is affirmed.

Mr Justice Hutchison took no part in the decision of this case.